\* A foreign executor or administrator cannot sue in the federal courts, without being re-appointed in the State in which the action is brought; and, while the objection that he has not been so re-appointed may be raised by plea in abatement, yet the same matter is good as a plea in bar, going, as it does, to his *right* of recovery.   *Noonan* v. *Bradley*, 9 Wall. 394.   By chapter 28, Laws 1860, foreign executors, administrators and guardians are allowed to sue in the courts of the State upon filing an authentic copy of their appointment in the probate court of any county in the State.—REP.

---

## MURDOCK vs. ARNDT.

INDORSER AND INDORSEE — BONA FIDE HOLDER.—An indorsee of a bill or note, taking it under a parol agreement not to charge his immediate indorser, cannot recover against such indorser, though the indorsement be unqualified; but such agreement would be no defense against a subsequent *bona fide* indorsee or holder without notice thereof.

ERROR to the District Court for *Brown* County.

Assumpsit brought by *Murdock* against *Arndt* to recover against him as indorser of a promissory note for seven hundred dollars, made by Jones, Clark & Co. to *Arndt* or order on demand, and by him indorsed to S. W. Murdock, who indorsed the same to the plaintiff. The defendant pleaded the general issue.

At the trial, after the plaintiff had rested his case, the

defendant called David Jones as a witness, and offered to prove that *Arndt* sold the note to *S. W. Murdock* on the responsibility of Jones, Clark & Co., the makers. This offer was objected to, but the court overruled the objection, and the witness was permitted to testify that, in June or July, 1839, *S. W. Murdock* was at Green Bay; that the note had been put into the hands of witness for the purpose of passing it off for flour; that he offered to let the said *S. W. Murdock* have the note if he was satisfied that Jones, Clark & Co. were good; that said *Murdock* said he was satisfied that they were good, and that he would take the note; that *Arndt* had to indorse it, and it was the understanding between *S. W. Murdock* and *Arndt* that he was to take the note on the responsibility of the makers, and not of the indorser, and that he then told *Murdock* that payment of the note had been demanded.

This evidence was objected to by the plaintiff, and he asked the court to reject it on the ground that parol evidence could not be received to show the intention of the defendant when he indorsed the note, and no such parol agreement could affect the plaintiff, who was an innocent holder of the note by indorsement from *S. W. Murdock;* but the court ruled that the evidence was competent.

The court instructed the jury that, if the indorsement of the note by *Arndt* was in pursuance of an agreement that he should not be responsible, then he was not liable thereon; that *S. W. Murdock*, the immediate indorsee of *Arndt* and all persons claiming under him, were bound by the conditions upon which *Arndt* parted with the note; that if they believed that the note was indorsed by *Arndt* after it was due, for the purpose of transferring his interest in it, pursuant to an agreement with the person to whom it was so indorsed, that the makers alone were to be responsible to him, and not the indorser, then the plaintiff could not recover, even though he was the indorsee of such person. The jury found for the defendant, and judgment was rendered accordingly.

*Martin & Eastman*, for plaintiff in error.

1. *Arndt* is bound by his indorsement, notwithstanding any parol agreement. Byles on Bills, 10, 87, 112; 3 Campb. 57; 3 Wils. 275; 1 Taunt, 347; 4 id. 856; 5 East. 10; 2 Atk. 383; 4 East. 57; Chitty on Bills, 62 and note; id. 175, and cases there cited. 2. That payment of the note had been demanded is immaterial as to the plaintiff who had no notice of that fact. 3. If the note was dishonored before indorsement, then the signature of *Arndt* is an absolute guarantee on his part that the note should be paid. 4. Parol evidence of the transaction between *Arndt* and *Murdock* was inadmissible, unless knowledge of the facts was traced to the plaintiff.

*C. C. P. Arndt*, for defendant in error.

IRVIN, J. On the trial of this cause the court charged the jury that the agreement made between *John P. Arndt* and his indorsee respecting his liability was obligatory upon his immediate indorsee, and all persons claiming under him. If the plaintiff in this case be a *bona fide* holder for a valuable consideration from the immediate indorsee of defendant, without notice of that agreement (which was a fact for the jury to determine), then the court erred. This the court by its charge took from the jury, and the judgment should be reversed.

There was no error in permitting David Jones to testify as a witness to prove the alleged agreement of the defendant and his immediate indorsee.

It is therefore unanimously considered and adjudged, that the judgment of the district court be reversed, with costs, and that the same be certified to said district court, to be further proceeded in, according to law and justice.*